# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TERRELL YOUNG,

    *Petitioner*,

vs.

BACA, *et al.*,

    *Respondents*.

3:17-cv-00118-HDM-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's first and second applications (ECF Nos. 8 & 10) to proceed *in forma pauperis*, multiple additional motions (ECF Nos. 5, 6, 9, 12, 13, 14, 16 & 17) filed by petitioner, and for initial review under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules").

## *Pauper Applications*

The Court finds that petitioner is unable to pay the filing fee. The first pauper application therefore will be granted, and the second pauper application will be denied as moot.

## *Appointment of Counsel*

Following initial review, the Court finds *sua sponte* that appointment of counsel would be in the interests of justice under 18 U.S.C. § 3006A. There is a substantial issue as to whether the petition is timely. However, review of the online state court dockets further reflects that there potentially may be factual issues as to petitioner's mental health status and/or as to his representation during the relevant time period. Under Habeas Rule 8(c), appointment of federal habeas counsel would become mandatory if such factual issues

ultimately require an evidentiary hearing. Petitioner further appears to be subject to a sentence of, *inter alia*, two consecutive sentences of life without the possibility of parole. The Court accordingly will appoint counsel for petitioner.

### *Pending Motions*

All remaining pending motions will be denied as moot following upon the appointment of counsel and/or as failing to present a cogent request for relief by motion.

IT THEREFORE IS ORDERED that petitioner's first application (ECF No. 8) to proceed *in forma pauperis* is GRANTED, such that petitioner shall not be required to pay the filing fee, and that his second pauper application (ECF No. 10) is DENIED as moot.

IT FURTHER IS ORDERED that petitioner's remaining motions (ECF Nos. 5, 6, 9, 12, 13, 14, 15, 16 & 17) are DENIED.

IT FURTHER IS ORDERED that counsel is appointed herein pursuant to 18 U.S.C. § 3006A. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT FURTHER IS ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk of Court shall add state attorney general Adam P. Laxalt as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel shall enter a notice of appearance within **twenty-one (21)** days of entry of this order, but no further response shall be required from respondents until further order of the Court.

The Clerk accordingly shall send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

The Clerk further shall provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED: October 26, 2017.

_____
HOWARD D. MCKIBBEN
United States District Judge