UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRELL YOUNG, | Case No. 3:17-cv-00118-HDM-CBC |
| Petitioner, | |
| v. | ORDER |
| BACA, et al., | |
| Respondents. | |

This counseled habeas petition pursuant to 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss the petition as untimely, procedurally defaulted, and unexhausted in part (ECF No. 43). Petitioner has opposed (ECF No. 64), and respondents have replied (ECF No. 65).

Petitioner challenges his 2006 state court judgment of conviction, following a jury trial at which he represented himself, of four counts of murder in the first degree with use of a deadly weapon and ten other associated counts, including kidnapping, burglary, robbery, and conspiracy to commit murder. (Ex. 287).[1] Judgment of conviction was entered on August 3, 2006. (Ex. 310). Because petitioner did not file a direct appeal, his conviction became final thirty days later, on September 5, 2006.[2]

---

[1] In this order, the court cites primarily to respondents' set of exhibits, which are located at ECF Nos. 45-56. Where a document is not included in respondents' set of exhibits, the court cites to petitioner's set of exhibits, located at ECF Nos. 32-34, as Pet. Ex.

[2] Thirty days after August 3, 2006, fell over the Labor Day weekend, so petitioner had until the next court date -- September 5, 2006 -- to file a notice of appeal.

1

On December 12, 2006, petitioner filed a state postconviction petition, which was dismissed as unverified and not in compliance with the court's form. (Exs. 318 & 325). Before it was dismissed, petitioner filed a second petition on February 27, 2007. (Ex. 324). That petition was denied on December 3, 2007, on the grounds that the claims could have been raised on direct appeal. (Ex. 336). Petitioner did not appeal either order.

In August 2008, petitioner filed a "motion to appoint counsel to my direct appeal." (Ex. 338). The motion was granted on November 9, 2008, and Lisa Rasmussen was appointed "for the purpose of filing either a direct appeal or a petition for post-conviction relief, whichever she deems appropriate under the circumstances." (Ex. 341).

For the next five years, virtually nothing happened.[3] Then, in March 2014, petitioner filed a motion for appointment of new counsel. (Ex. 343). The court denied the motion. (Ex. 346). Although petitioner attempted to appeal, the appeal was dismissed for lack of jurisdiction. (Exs. 347 & 351).

Then, on September 22, 2015, petitioner filed another state postconviction petition for habeas relief. (Pet. Ex. 52). Petitioner proceeded to file several amended petitions and, when those were denied, appeals thereof. (*See* Exs. 357, 358, 361, 366,

---

[3] The only event appearing on the record before this court was a request for transcripts filed by Rasmussen in October 2009. (Ex. 342).

2

367, 370, 374, 376,[4] 396, 405, 407, 424, 425, 431, 440, 449, 458).[5] Ultimately, the petitions were denied as untimely, successive, and due to laches. (Exs. 423, 427, 441, 461).

On February 14, 2017, petitioner filed his original petition for federal habeas relief. (ECF No. 1-1 at 2). Following the court's order, he filed an amended petition. The court appointed counsel, who filed a second amended petition. Respondents now move to dismiss the second amended petition as untimely, procedurally defaulted, and unexhausted in part.

**Timeliness**

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

The petition is untimely on its face because it was filed more than eight years after the expiration of the federal statute of limitations. Between the date petitioner's conviction became final and the date he initiated timely state postconviction

---

[4] Although large segments of Exhibit 376 are too dark to be read, this is also true of the document on file with the Nevada Supreme Court, which this court ascertains by taking judicial notice of that court's docket. *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=37840 (last accessed Oct. 3, 2019). The legibility does not impair the court's review of the document, however, as the obscured pages appear legibly elsewhere in the record.

[5] One of the petitions that appears on the record was stricken following a motion by the State. (*See* Exs. 363, 389 & 397).

3

proceedings, nearly three months elapsed. Thus, after proceedings concluded, petitioner had a little more than nine months to file his federal petition. Because petitioner did not appeal the denial of his petitions, postconviction proceedings terminated on the last day to file an appeal, or on January 2, 2008. Absent tolling or other delayed accrual, the statute of limitations expired in October 2008. The instant petition was filed in February 2017, more than eight years after the expiration of the statute of limitations.

Petitioner, while conceding the facial untimeliness of the petition, argues that he is entitled to equitable tolling. Petitioner relies principally on his mental health status during the relevant times periods, but also asserts ineffective assistance of, or abandonment by, postconviction counsel. Petitioner requests an evidentiary hearing to the extent the evidence presented in support of equitable tolling is found to be lacking.

Having reviewed the pleadings and the relevant record evidence, the court concludes that petitioner's tolling argument has not been sufficiently developed for a decision to be rendered at this time. The question of whether petitioner's mental health affected his ability to timely file is complicated. In the interest of judicial economy, the court defers a resolution of the timeliness question until it has had an opportunity to also consider the merits of petitioner's claims, because if, in the end, the merits are less complicated than the issues of timeliness, the court may elect to simply address the merits instead. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *Franklin v.*

*Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002); *Day v. McDonough*, 547 U.S. 198, 208-209 (2006). The deferral of this question will also allow petitioner additional time to seek or present whatever evidence necessary to support his claim of equitable tolling, including but not limited to formally requesting an evidentiary hearing by way of a separately filed motion.

The motion to dismiss the petition as untimely will therefore be denied without prejudice.

**Exhaustion**

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Respondents argue that Ground Two is unexhausted. Following review of all the pleadings petitioner filed in both the state trial court and the Nevada Supreme Court and Court of Appeals, this court agrees. Nowhere has petitioner raised the substance of a claim that either (1) he lacked the capacity to waive his *Miranda* rights or (2) that he lacked the capacity to decide to represent himself during trial, which is all that Ground Two alleges. Rather, petitioner's allegations in state court consistently were that he did *not* waive his *Miranda* rights, and that the State tampered with the tape recordings of his interviews to suggest otherwise. He also argued, repeatedly, that he wanted to represent himself in trial but that the state court forced him to accept a standby attorney. Neither of these allegations sufficiently raises the substance of the claims in Ground Two. For that reason, the court concludes that Ground Two has not been exhausted.

Petitioner argues that even if Ground Two is unexhausted, the court should consider it technically exhausted and procedurally defaulted because he no longer has any state court remedies available to exhaust his claim.

A claim may be technically exhausted but procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). While it is clear that petitioner would face several procedural bars if he were to return to state court, *see, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810, Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-

prejudice argument under the substantially similar federal and state standards, then petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred."

As such, petitioner's request that the court find Ground Two technically exhausted is denied. Petitioner's assertions of cause for the default of Ground Two should be presented to the state courts in the first instance.

**Procedural Default**

A federal court cannot review even an exhausted claim "if the Nevada Supreme Court denied relief on the basis of 'independent and adequate state procedural grounds.'" *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003). In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. 501 U.S. 722, 731-32 (1991). A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Yang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000).

Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default

7

may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Ground One of the petition is exhausted but procedurally defaulted because petitioner presented it to the state's highest court for the first and only time on appeals of the dismissal of his untimely and successive petitions. The Nevada Court of Appeals affirmed the denials as successive and untimely under Nev. Rev. Stat. § 34.810 and § 34.726. The Ninth Circuit has held that the Nevada courts' application of the timeliness rule in § 34.726(1) is an independent and adequate state law ground for procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996); *see also Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). The Ninth Circuit also has held that, at least in non-capital

cases, Nev. Rev. Stat. § 34.810 is an independent and adequate state ground for procedural default. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). The Nevada Court of Appeals' decision in this case did not depend on the application of federal law in deciding that the claim was procedurally defaulted. Accordingly, the Nevada Court of Appeals relied on independent and adequate state law grounds in affirming the dismissal of the petitions as untimely and successive.

Petitioner asserts cause for the default based on (1) his mental illness; and (2) ineffective assistance of postconviction counsel, pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012).

Taking the second contention first, errors of postconviction counsel cannot establish cause for a procedural default except under the limited circumstances identified in *Martinez*. *See Coleman v. Thompson*, 501 U.S. 722, 753-55 (1991); *Martinez*, 566 U.S. at 16-17. In *Martinez*, the United States Supreme Court created a narrow, equitable rule that allows petitioners to, in some cases, establish cause for a procedural default where the failure to raise a substantial claim of ineffective assistance of trial counsel in initial-review collateral proceedings is due to the absence or ineffective assistance of post-conviction counsel. *Martinez* provides an exception only for substantial claims of ineffective assistance of trial counsel. It cannot supply cause to excuse the procedural default of a substantive claim of trial court error. *See Martinez*, 566 U.S. at 16-17. Petitioner's claim in Ground One is not a claim of ineffective assistance of counsel but is instead

a substantive claim of trial court error. *Martinez* therefore cannot excuse his default.

Turning to petitioner's first contention, both parties acknowledge that neither the U.S. Supreme Court nor the Ninth Circuit have found severe mental illness can excuse a procedural default. The Ninth Circuit has held that a "*pro se* petitioner's mental condition cannot serve as cause for a procedural default, at least when the petitioner on his own or with assistance remains 'able to apply for post-conviction relief to a state court.'" *Schneider v. McDaniel*, 674 F.3d 1144, 1154 (9th Cir. 2012). It further recognized there might be situations in which "a *pro se* petitioner might demonstrate cause in a situation where a mental condition rendered the petitioner completely unable to comply with a state's procedures and he had no assistance. But they do prevent us from excusing a procedural default where a mental defect had less of an adverse effect on the petitioner's ability to comply with state procedures than illiteracy would have had." *Id.*

Because of the complexity of the fact issue in this case, in particular with respect to petitioner's mental health during the relevant time periods and as to whether he had assistance during those time periods, the court again concludes that it will defer a final resolution of the matter until after it has had an opportunity to consider the merits of petitioner's claim and petitioner has had an opportunity to further develop the facts underlying his argument. Accordingly, respondents' motion to dismiss petitioner's claims as procedurally defaulted will be denied without prejudice to renew in the answer.

**Options on a Mixed Petition**

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because petitioner's petition is mixed, he has three options:

1. File a motion to dismiss seeking partial dismissal of only the unexhausted claims;

2. File a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; and/or

3. File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

**Conclusion**

In accordance with the foregoing, **IT IS HEREBY ORDERED** that respondents' motion to dismiss (ECF No. 43) is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**. The motion to dismiss the petition as untimely and procedurally defaulted is **DENIED WITHOUT PREJUDICE** to reassert in the answer to the petition. The motion to dismiss Ground Two as unexhausted is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's requests for an evidentiary hearing and discovery, embedded in his opposition, are **DENIED WITHOUT PREJUDICE** to renew in separately filed motions at the time of filing his reply to the answer.

**IT IS FURTHER ORDERED** that petitioner shall have twenty (20) days from entry of this order within which to file either: (1) a motion to dismiss seeking partial dismissal only of the unexhausted claims; (2) a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; and/or (3) other appropriate relief, such as a motion for a stay and abeyance asking this court to hold his exhausted and/or procedurally defaulted claims in abeyance while he returns to state court to exhaust his unexhausted claims.

The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion as provided for herein is not timely mailed for filing.

IT IS SO ORDERED.

DATED: This 15th day of October, 2019.

_____
UNITED STATES DISTRICT JUDGE